

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2003

# USA v. Reeves

Precedential or Non-Precedential: Non-Precedential

Docket 01-3586

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Reeves" (2003). *2003 Decisions*. Paper 623.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/623

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3586

UNITED STATES OF AMERICA

v.

CLIFTON ANTHONY REEVES,
                                        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 01-cr-00178
(Honorable Harvey Bartle, III)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 27, 2003
Before:  SCIRICA, GREENBERG and GIBSON*, Circuit Judges

(Filed: April 25, 2003)

OPINION OF THE COURT

---

*The Honorable John R. Gibson, United States Circuit Judge for the Eighth Judicial
Circuit, sitting by designation.

SCIRICA, *Circuit Judge*.

Defendant, Clifton A. Reeves, appeals the sentence imposed against him for "brandishing" a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A). We will affirm.

## I.

The District Court sentenced Reeves to a term of five years for aiding and abetting the brandishing of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1] Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Reeves argues for the first time on appeal[2] that he is entitled to a fact finding hearing on whether he brandished a gun, contending brandishing is an element of the offense that must be alleged in the indictment and proved beyond a reasonable doubt. *See Apprendi*, 530 U.S. 466 at 491-492 (holding any fact other than prior conviction must be submitted to jury and proved beyond reasonable doubt if it increases criminal penalty beyond prescribed statutory maximum). Although he admittedly drove the getaway car, Reeves maintains he did not brandish a gun during two armed robberies committed by his co-defendants. But Reeves has misconceived the nature of the violation. *See United States v. Price*, 76 F.3d

---

[1] In total, the District Court sentenced Reeves to twenty-six years imprisonment, restitution in the amount of $162,130.00 and five years supervised release on five separate counts stemming from two armed robberies Reeves committed with up to three co-conspirators.

[2] Because Reeves did not object at the sentencing hearing, we review his appeal for plain error. *See* FED. R. CRIM. P. 52(b); *United States v. Vazquez*, 271 F.3d 93, 100 (3d Cir. 2001) (en banc).

526, 529 (3d Cir. 1996) (holding that person who aids and abets use of firearm in crime of violence is punishable as principal actor under 18 U.S.C. § 924(c)). Accordingly, his argument lacks merit.

Furthermore, the government specifically alleged brandishing as an element of the charges against him in the indictment. The District Court explained the elements of the brandishing charge and the theory of aiding and abetting to Reeves at his plea colloquy. Thus, we see no error in the Rule 11 plea colloquy. *See* FED. R. CRIM. P. 11(c) (providing that district court must address defendant and determine that he understands, *inter alia*, "nature of the charge to which the plea is offered").

Nonetheless, since Reeves's guilty plea, the Supreme Court has addressed whether brandishing is an element of 18 U.S.C. § 924(c)(1)(A) that the prosecution must prove beyond a reasonable doubt. In *Harris v. United States*, 122 S.Ct 2406, 2420 (2002), the Supreme Court held that "brandishing" a firearm is an aggravating factor to be considered at sentencing, not an element of the crime of carrying a firearm under 18 U.S.C. § 924(c)(1)(A).[3] Brandishing, therefore, does not implicate the defendant's right to an indictment, trial, or conviction upon proof of each element of the crime beyond a reasonable doubt. *Id.* at 2414.

---

[3] *Harris* applies to this appeal. *See Brecht v. Abrahamson*, 507 U.S. 619, 634 (1993) (recognizing that new rules "always have retrospective application to criminal cases on direct review").

## II.

For the foregoing reasons, there is no error, let alone plain error. The judgment of conviction and sentence will be affirmed.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
Circuit Judge